IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DEBRA E. NUNN, | ) | |
|     *Plaintiff* | ) | |
| vs. | ) | Case No. 3:14-CV-1487 RLM |
| BIOMET, INC., *et al.*, | ) | |
|     *Defendants* | ) | |

OPINION AND ORDER

Biomet moved for summary judgment contending that Debra Nunn's claims are barred by the Nebraska's statute of repose. For the following reasons, the motion is granted.

Summary judgment is appropriate when the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact, such that the movant is entitled to judgment as a matter of law. Protective Life Ins. Co. v. Hansen, 632 F.3d 388, 391-392 (7th Cir. 2011). I must construe the evidence and all inferences that reasonably can be drawn from the evidence in the light most favorable to Ms. Nunn, as the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). As the moving party, Biomet bears the burden of informing me of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

The Judicial Panel on Multi-District centralized thousands of cases involving claims of injury such as metallosis resulting from metal-on-metal hip replacement products manufactured by Biomet, Inc. This is one of a handful of those cases that Biomet says were filed too late as a result of a statute of repose. "A statute of repose … puts an outer limit on the right to bring a civil action. That limit is measured not from the date on which the claim accrues but instead from the date of the last culpable act or omission of the defendant. A statute of repose bar[s] any suit that is brought after a specified time since the defendant acted (such as by designing or manufacturing a product), even if this period ends before the plaintiff has suffered a resulting injury." CTS Corp. v. Waldburger, 573 U.S. 1, 8 (2014) (quotation marks and citation omitted).

This case was filed directly into this MDL docket, so the court turns to the law of the state in which the case originated. *See* In re Yazmin & Yaz (Drospirenone) Marketing, Sales Practices & Product Liability Litigation, 2011 WL 1375011, *6 (S.D. Ill. Apr. 11, 2011). Ms. Nunn's first surgery and her revision surgery were both done in Nebraska, where she lives, so the court looks to Nebraska law. Nebraska product liability law "borrows" the statute of repose of the state in which the product was manufactured. Neb. Rev. Stat. Ann. § 25-224(2)(a)(ii). Biomet manufactured the M2a-38 device in Indiana, so analysis begins with the Indiana statute of repose, which provides:

    (b) a product liability action must be commenced:
        (1) within two (2) years after the cause of action accrues; or

>     (2) within ten (10) years after the delivery of the product to the
>     initial user or consumer.
> However, if the cause of action accrues at least eight (8) but less than
> ten (10) years after the initial delivery, the action may be commenced
> at any time within two (2) years after the cause of action accrues.

Ind. Code Ann. § 34-20-3-1(b).

The M2a-38 device was implanted into Ms. Nunn's right hip on March 8, 2004, so Biomet had to have triggered the Indiana statute of repose by shipping it from Indiana to Nebraska no later than that date. Ms. Nunn filed this suit on April 15, 2014, more than ten years after the product was delivered. Unless the statute of repose was tolled for some reason, Ms. Nunn filed her suit too late.

Ms. Nunn says the statute was tolled by Biomet's fraudulent concealment. Nebraska law allows the running of the statute of repose to be tolled on a theory of equitable estoppel if the manufacturer fraudulently concealed the product's known dangerousness from the plaintiff. See MacMillen v. A.H. Robins Co., Inc., 348 N.W.2d 869, 871 (Neb. 1984). Ms. Nunn relies on the doctrine of equitable estoppel through fraudulent concealment. She says that fact issues relating to Biomet's withholding of information about the product preclude summary judgment.

Biomet first argues that Ms. Nunn can't raise a claim of fraudulent concealment. Her complaint contains no such claim, she can't amend her complaint through a summary judgment brief, Anderson v. Donahoe, 699 F.3d 989, 997 (7th Cir. 2012), and the deadline for amending pleadings has long since

passed. I agree that each of those propositions is true, but don't believe they foreclose Ms. Nunn's fraudulent concealment argument. Ms. Nunn isn't raising fraudulent concealment as an independent claim for damages or other relief; she invokes it as a type of equitable estoppel – a response to Biomet's affirmative statute of repose defense. Biomet's argument would be right if Ms. Nunn were trying to add a claim for damages, but she isn't. Biomet has cited no authority for the proposition that what the complaint contains or lacks limits what a plaintiff can argue in response to an affirmative defense.

    Ms. Nunn filed her complaint more than ten years after delivery of the product, so the statute of repose applies unless Ms. Nunn is able to fit her case within the statutory exception or show that Biomet engaged in fraudulent concealment that now equitably estops it from successfully raising the statute of repose. Since Biomet has identified the ground on which it claims judgment, Ms. Nunn must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in his favor." Marr v. Bank of Am., N,A., 662 F.3d 963, 966 (7th Cir. 2011); *see also* Hammel v. Eau Galle Cheese Factory, 407 F.3d 852, 859 (7th Cir. 2005) (summary judgment is "not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events"). She hasn't done that.

The Nebraska Supreme Court recognized a fraudulent concealment exception to the statute of repose in MacMillen v. A.H. Robins Co., Inc., 348 N.W.2d 869, 871 (1984), a case involving the Dalkon Shield intrauterine contraceptive device. The plaintiff had filed suit beyond the deadline of the statute of repose, but alleged that the defendant had withheld known problems with the product and that the withholding had caused her not to file suit in a timely manner. Because the case arose from the grant of a demurrer, the supreme court accepted those allegations as true, and held that the jury would have to decide the fraudulent concealment issue. The court explained the law very succinctly:

> In *Rucker v. Ward*, 131 Neb. 25, 33, 267 N.W. 191, 195 (1936), we said, " 'One who wrongfully conceals a material fact necessary to the accrual of a cause of action against him, and such concealment causes the opposite party to delay the filing of suit cannot avail himself of the statutes of limitation as a defense;' ...." In *Luther v. Sohl*, 186 Neb. 119, 121, 181 N.W.2d 268, 269 (1970), we stated that "estoppel may be applied to prevent a fraudulent or inequitable resort to a statute of limitations." We also stated that "if a plaintiff has ample time to institute his action, after the inducement for delay has ceased to operate, he cannot excuse his failure to act within the statutory time on the ground of estoppel." *Id*. at 122, 181 N.W.2d at 270.

Id. Unlike MacMillen, the demurrer case, Ms. Nunn's case is before me on a summary judgment motion that demands the she point to enough evidence to support a verdict in her favor if the jury finds everything that favors her to be true and draws all reasonable inferences in her favor.

The only exhibit attached to Ms. Nunn's response is a 2006 communication to surgeons about M2a devices. It appears that she submitted that paper because of paragraph 15's list of "POSSIBLE SIDE EFFECTS":

> Elevated metal ion levels have been reported with metal-on-metal articulating surfaces. Although mechanical testing demonstrates that metal-on-metal articulating surfaces produce a relatively low amount of particles, the total amount of particulate produced in vivo throughout the service life of the implants remains undetermined. The long-term biological effects of the particulate and metal ions are unknown.

Whether the Nebraska courts would deem this statement to amount to fraudulent concealment is doubtful. But neither this statement, or any other statement that Ms. Nunn refers to, is accompanied by anything that would allow a reasonable trier of fact to find that it (or any other statement) caused her to delay filing suit. There might have been information that Biomet wasn't sharing with the world at large, or even with its own customer base, but this summary judgment record wouldn't allow a finding that any concealment by Biomet induced any delay in the suit's filing. Without such a showing, the doctrine of equitable estoppel isn't available to Ms. Nunn.

Accordingly, Biomet's motion [Doc. No. 169] is GRANTED.

SO ORDERED.

ENTERED:   December 21, 2018

/s/ Robert L. Miller, Jr.
Judge, United States District Court