IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEBRA E. NUNN, ) | |
| ) | |
| *Plaintiff* ) | |
| vs. ) | Case No. 3:14-CV-1487 RLM |
| ) | |
| BIOMET, INC., *et al.*, ) | |
| ) | |
| *Defendants* ) | |

OPINION AND ORDER

After I granted Biomet's motion for summary judgment, Debra Nunn filed a motion to alter or amend the judgment under Fed. R. Civ. P. 59, contending that I committed a manifest error of law because I disregarded or failed to consider Myers v. Crouse-Hinds Division of Cooper Industries, Inc., 53 N.E.3d 1160 (Ind. 2016), which holds that Indiana's statute of repose doesn't apply to cases "where the plaintiffs have had protracted exposure to inherently dangerous foreign substances." For the following reasons, I am denying Ms. Nunn's motion.

In granting summary judgment for Biomet, I held that the ten-year statute of repose could be equitably tolled, but found that Ms. Nunn hadn't presented any evidence from which a reasonable juror could find or infer that any concealment by Biomet of problems associated with the hip implant caused her to delay filing suit [Doc. No. 195]. Any tolling argument premised on Myers fails for the same reasons. Ms. Nunn hasn't shown that she suffered from a latent disease, like asbestos, or presented any other evidence that would support a tolling argument.

Ms. Nunn can't rest upon the allegations in the pleadings or conclusory statements of the law at the summary judgment stage, but must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in h[er] favor." Marr v. Bank of Am., N,A., 662 F.3d 963, 966 (7th Cir. 2011). She hasn't done that.

Accordingly, the motion to alter or amend the judgment [Doc. No. 198] is DENIED.

SO ORDERED.

ENTERED:   August 7, 2019

                            /s/ Robert L. Miller, Jr.
                    Judge, United States District Court